UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I.,*<br><br>Plaintiff,<br><br>v.<br><br>*JAMES SPURLOCK;*<br><br>Serve at: 5528 Pershing Ave. Apt. 301<br>St. Louis, Missouri 63112<br><br>*MARK TIMOTHY MCCARTHY;*<br><br>Serve at: 4 Timberbrook Drive<br>St. Peters, Missouri 63376<br><br>*and*<br><br>*HALEY PEREZ*<br><br>Serve at: 4 Timberbrook Drive<br>St. Peters, Missouri 63376<br><br>Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. American Family is a

Wisconsin citizen for diversity of citizen jurisdiction purposes.

2. Defendant James Spurlock ("Spurlock") is a Missouri citizen for diversity of citizenship jurisdiction purposes.

3. Defendant Haley Perez ("Perez" or "Named Insured") is a Missouri citizen for diversity of citizenship jurisdiction purposes.

4. Defendant Mark Timothy McCarthy ("McCarthy") is a Missouri citizen for diversity of citizenship jurisdiction purposes. McCarthy is not an American Family policyholder, nor is he a Named or Other Insured under the Policies, and has not tendered his defense in the Underlying Lawsuit to American Family, nevertheless American Family seeks a coverage determination as to McCarthy given his involvement in operating the vehicle involved in the accident, which is the subject of this coverage dispute.

5. There is a current case and controversy between the parties to this action.

6. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, codified at 28 U.S.C. Sections 2001 and 2201, to obtain a declaration of American Family's rights and obligations under a certain policy of insurance issued by American Family.

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1), and Local Rule 2.07, because a substantial part of the events giving rise to this claim occurred within the Eastern District, including the subject insurance policy was issued within the Eastern District.

## FACTS COMMON TO ALL COUNTS

### The Underlying Lawsuit

9. On or about September 12, 2025, Spurlock filed a Petition in the Circuit Court of St. Charles County, Missouri, identified as Cause No.: 2511-CC01273 ("Petition"), alleging Perez and McCarthy are liable to him for damages related to the injuries he allegedly incurred as a result of a motorcycle accident ("Underlying Lawsuit"). A true and accurate copy of the Petition is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

10. The Petition alleges that, on or about March 30, 2025, McCarthy was allegedly operating a motorcycle (the "Motorcycle") on which Calvin Spurlock, the natural minor son of Perez and Spurlock, was a passenger. **Ex. A**, ¶ 6. While McCarthy was allegedly operating the Motorcycle, an accident occurred, which allegedly caused Calvin Spurlock to sustain and ultimately succumb to bodily injuries (the "Accident"). **Ex. A**, ¶¶ 6-11.

11. The Accident allegedly took place on Mexico Road near the intersection with Oakridge West Drive in St. Charles County, Missouri. **Ex. A**, ¶ 5.

12. The Petition alleges Perez and McCarthy were negligent in several ways, which ultimately caused the death of Calvin Spurlock. *See generally* **Ex. A**.

13. Spurlock alleges damages based upon the death of his son, including loss of "services, companionship, comfort, instruction, guidance, counsel[,] training, support and income of Calvin Spurlock." **Ex. A.**, ¶ 10.

14. The Petition also requests monetary relief in an amount in excess of $500,000, punitive damages, costs, and any other relief the court deems just and proper. **Ex. A.**, prayer for relief.

15. American Family is defending its insured in the Underlying Lawsuit subject to its reservation of rights to disclaim coverage.

**The American Family Policies**

16. American Family issued a "Family Car Policy," Policy No. 41106-63117-60, with a policy period from January 19, 2025 to July 19, 2026 to named insured "Haley Perez," which provided certain bodily injury and property damage liability coverage, subject to all its terms and conditions (the "Family Car Policy"). A true and accurate copy of the Family Car Policy is attached as **Exhibit B** and incorporated by reference as if fully set forth herein.

17. American Family also issued a "Condominium Unit-Owners Policy", Policy No. 41106-65400-49, with a policy period from July 20, 2024 to July 20, 2025 to named insured "Haley Perez," which provided certain personal liability coverage, subject to all its terms and conditions (the "Condo Policy"). A true and accurate copy of the Condo Policy is attached as **Exhibit C** and incorporated by reference as if fully set forth herein.

18. The Family Car Policy and the Condo Policy are sometimes collectively referred to herein as "the Policies."

19. Named Insured "Haley Perez" is a defendant in the Underlying Lawsuit, and McCarthy is not listed or otherwise identified as an insured under the Policies.

20. The Motorcycle is not listed as a vehicle insured under the Policies.

21. The Family Car Policy's bodily injury liability coverage limit is $300,000 per occurrence. **Ex. B**, at p. 4.

22. The Family Car Policy's property damage liability coverage limit is $100,000 per occurrence. *Id.*

23. The Condo Policy has personal liability coverage limits of $300,000 per occurrence. **Ex. C**, at p. 3.

24. The Policies' declarations identify the Named Insured's address as "4 Timberbrook Dr., St. Peters MO 63376." **Ex. B** at p. 2; **Ex. C** at p.3.

25. The Family Car Policy (**Ex. B**) provides in pertinent part:

MISSOURI CHANGES

The terms of the Family Car Form apply except as changed by this **endorsement**.

***
2. Section B. Insuring Agreement is deleted and replaced as follows:

B. Insuring Agreement
Subject to the provisions contained within **your** Family Car Form and as amended by any **endorsement**, **we** will pay compensatory damages for which an **insured person** is legally liable because of **bodily injury** or **property damage** as a result of an auto accident for which an **insured person** is provided Liability Coverage by this policy. **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper. ***

***
**FAMILY CAR FORM**

***
DEFINITIONS

***
C. **Bodily injury** means physical injury, sickness, disease, or death of any person.

D. **Car** means **your insured car** or a **private passenger car**.

***
J. **Private passenger car** means:
1. a land motor vehicle that meets all of the following criteria:
   a. it is a private passenger auto, private passenger van, station wagon, pickup truck, or sport utility vehicle;
   b. it has at least four wheels;
   c. it is designed for use on public roads;
   d. it has a gross vehicle weight rating of 15,000 pounds or less; and
   e. it is not used for the commercial pickup or delivery of goods and materials unless such use is for farming or ranching.

2. a moving van or moving truck:
   a. with a gross vehicle weight of 15,000 pounds or less; and
   b. not used for any business purposes.

***

L. **Relative** means a person who resides in **your** household, related to **you** by blood, marriage, domestic partnership, or adoption. This includes a court-declared ward or foster child. It excludes any person who, or whose spouse, owns or insures a motor vehicle other than:
   1. **your insured car**; or
   2. an off-road motor vehicle

***

T. **You** and **your** mean the named insured shown in the **Declarations** or spouse, if living in the same household.

U. **Your insured car** means:
   1. any vehicle shown in the **Declarations** unless **you** no longer own it.
   2. a **temporary substitute vehicle.**
   3. a **replacement vehicle**.
   4. an **additional vehicle**.
   5. any **trailer**:
      a. that **you** own; or
      b. while attached to a vehicle described in U.1., U.2., U.3., or U.4. above.

***

PART I – LIABILITY COVERAGE

***

A. Definitions

As used in Part I – Liability Coverage, the following definition is added:

**Insured person** means:
   1. **you** or a **relative** for the ownership, maintenance or use of:
      a. a **car**;
      b. a **rental vehicle**;
      c. a motor home not used for business purposes, or
      d. a **trailer**.
   2. any person, other than a **relative**, while using **your insured car** with **your** permission and within the scope of **your** permission
   3. any other person or organization, but only for legal liability for acts or omissions of:
      a. any person covered under this Part while using **your insured car**.
      b. **you** or any **relative** covered under this Part while using any **car** or **trailer** other than **your insured car**. This other **car** or **tailer** must not be owned or hired by that person or organization.

***

D. Exclusions
This coverage does not apply to:

***

9. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any:
   a. motorized vehicle with less than four wheels;
   b. recreational all terrain vehicle regardless of the number of wheels; or
   c. vehicle designed mainly for use off public roads.
10. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any vehicle which is owned by or furnished or available for regular use by **you** or the person claiming Part I – Liability Coverage under this policy.

    This exclusion does not apply to a vehicle that is:
   a. shown in the **Declarations** with Part I – Liability Coverage under this policy;
   b. a **replacement vehicle** that replaces a vehicle shown in the **Declarations** with Part I – Liability Coverage under this policy;
   c. a **temporary substitute vehicle** used as a substitute for a vehicle shown in the **Declarations** with Part I – Liability Coverage under this policy; or
   d. an **additional vehicle** or **rental vehicle** if there is a vehicle shown in the **Declarations** with Part I – Liability Coverage under this policy.
11. **bodily injury** to:
   a. any person injured while operating **your insured car**;
   b. **you** or any person related to **you** and residing in **your** household; or
   c. any person related to the operator and residing in the household of the operator.

***

15. any of the following:
   a. punitive or exemplary damages;
   b. multiple damages;
   c. fines, penalties, or court-ordered restitution; or
   d. attorney’s fees related to D.15.a., D.15.b., or D.15.c. above, whether awarded or statutorily mandated.

***

26. The Condo Policy (**Ex. C**) provides in pertinent part:

***

CONDOMINIUM UNIT OWNERS FORM

***

DEFINITIONS

***

2. **Bodily injury** means physical injury, sickness, disease, or death of any person. It includes resulting loss of services, loss of consortium, and required care.

***

13. **Household.** This means the persons who are residents of the **condo unit**.

14. **Insured**:
    a. This means:
        (1) **you**; or
        (2) a **household** member who is:
            (a) a **relative**, or
            (b) under the age of 21 and in **your** care or the care of a **household** member who is a relative. ***

***

22. **Relative.** This means a person related to **you** by blood, marriage, or adoption.

***

SECTION II – LIABILITY COVERAGE
Coverage E – Personal Liability
***
SECTION II – EXCLUSIONS

A. The following Exclusions Apply To Coverage E – Personal Liability and Coverage F – Medical Expense.

**We** do not cover any **occurrence** arising out of, resulting from, or in connection with any of the following:

***

12. Imputed Liability
This includes any liability imputed to any **insured** that is otherwise excluded in this policy. This includes but is not limited to the entrustment of any property or negligent supervision of any person or animal.

***

15. Motor-Or-Engine-Propelled Land Vehicle
This includes but is not limited to occupying, using, operating, owning, leasing, renting, borrowing, entrusting, maintaining, caring for, loading, unloading, or supervising or failing to supervise any of the preceding activities related to; any motor-or-engine-propelled land vehicle or any

trailer except such vehicle an **insured** owns, leases, operates, rents, or borrows that is: ***

***

B. The Following Exclusions Apply to Coverage E – Personal Liability:

***

3. Intra-**Insured** Claims Or Suits

a. This includes any **bodily injury** to **you** or a resident of the **household** who is:

(1) a **relative**; or

(2) other person under the age of 21 who is in **your** care or the care of a **relative** who is a resident of the **household**.

b. This includes any claim made or suit brought against **you** or any **insured** to:

(1) repay; or

(2) share damages with;

another person who may be obligated to pay damages because of **bodily injury** to any **insured.**

***

6. Punitive, Statutorily Imposed, Or Court Ordered Damages

This includes any Personal Liability for:

a. punitive, exemplary, statutorily imposed, multiple or aggravated damages. ***

***

**<u>COUNT I – DECLARATORY JUDGMENT (FAMILY CAR POLICY)</u>**

27. American Family incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 26 above.

28. American Family contends that no coverage exists under the Family Car Policy for any claims arising from or related to the Accident and that American Family owes neither a duty to defend nor a duty to indemnify its policyholder(s)/Named Insured, any other named insured or other insured, and/or any other defendants in the Underlying Lawsuit under the Family Car Policy for any claims or damages arising from or related to the Accident.

29. No coverage exists under the Family Car Policy for any claims arising from or related to the Accident because (1) Perez and McCarthy are not "insured person[s]" under the

Family Car Policy; (2) there is no coverage for vehicles with less than 4 wheels; (3) there is no coverage arising out of the ownership, maintenance, or use of any vehicle owned or furnished by the named insured; (4) there is no coverage for bodily injury to relatives of the named insured living in the same household; and (5) even to the extent there is otherwise coverage, there is no coverage for punitive or exemplary damages.

30. Based on the following allegations, there is a present and justiciable controversy or dispute over coverage under the Family Car Policy, including whether American Family has a duty to defend its Named Insured, any other named insured or other insured, and/or any other defendants from the allegations in the Underlying Lawsuit, and the controversy is ripe for a determination.

***("Insured Person" Definition)***

31. The Family Car Policy, per its Insuring Agreement, only provides coverage for those persons or organizations deemed an "insured person." *See* **Ex. B**, at p. 6.

32. The Family Car Policy, in pertinent part, defines "insured person" to mean the following: "1. you or a relative for the ownership, maintenance of use of (a.) a **car**; . . . " "2. any person, other than a **relative**, while using **your insured car** with **your** permission and within the scope of **your** permission." *See* **Ex. B**, at p. 12.

33. "You", in relevant part, is defined as the Named Insured shown in the Declarations (and their spouse, if living in the same household). *See* **Ex. B**, at p.11.

34. The Family Car Policy therefore, in relevant part, provides coverage for the Named Insured, here Perez, for the ownership, maintenance, and use of, a "car", as that term is defined under the Family Car Policy.

35. McCarthy, the driver of the vehicle during the Accident, is not listed as an insured in the Declarations, nor is he otherwise an "insured person" under the Family Car Policy under these circumstances.

36. Haley Perez was, at all relevant times, including on the date of the Accident, the only policyholder/Named Insured shown in the Declarations of the Family Car Policy.

37. The Family Car Policy defines "car" as either "your insured car" or a "private passenger car". *See* **Ex. B**, at p. 10.

38. "Your insured car", in relevant part, means the vehicle(s) included in the policy "Declarations unless you no longer own it", which does not include the Motorcycle because the Motorcycle is not listed in the Declarations and, upon information and belief, Perez did not ever own the Motorcycle, including at the time of the Accident. *See* **Ex. B**, at pp. 11-12.

39. The Motorcycle does not meet the Family Car Policy's "private passenger car" definition, which excludes vehicles with fewer than 4 wheels, because the Motorcycle did not have 4 wheels. *See* **Ex. B**, at p. 11.

40. Because the Motorcycle is not "your insured car" or a "private passenger car", it is not a "car" under the Family Car Policy, therefore neither Perez nor McCarthy are an "insured person[s]" for the purposes of the Accident at issue.

41. There is no coverage under the Family Car Policy because neither Perez, nor any of the defendant(s) in the Underlying Lawsuit, including McCarthy, are "insured person[s]" under the Family Car Policy under these circumstances, and American Family owes neither a duty to defend nor a duty to indemnify its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy, under the Family Car Policy for any claims or damages arising from or related to the Accident.

***(Less Than 4 Wheels Exclusion)***

42. Family Car Policy Exclusion 9 provides there is no coverage for bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle with less than 4 wheels (the "Less Than 4 Wheels Exclusion"). *See* **Ex. B**, at p.13.

43. The Motorcycle had less than 4 wheels; therefore, the Less Than 4 Wheels Exclusion applies to preclude coverage.

44. The Less Than 4 Wheels Exclusion applies to preclude coverage regardless of whether Perez or McCarthy are an "insured person".

45. The Family Car Policy does not provide any coverage because the Motorcycle has less than 4 wheels; the Less Than 4 Wheels Exclusion applies; and American Family has neither a duty to defend nor indemnify its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy, under the Family Car Policy for any claims or damages arising from or related to the Accident.

***(Ownership, Maintenance, Use Exclusion)***

46. Exclusion 10 under the Family Car Policy provides there is no coverage for "bodily injury" or "property damage" "arising out of the ownership, maintenance, or use of any vehicle which is owned by or furnished or available for regular use by you or the person claiming Part I – Liability Coverage under" the Policy ("Ownership, Maintenance, Use Exclusion"). *See* **Ex. B**, at p. 13.

47. A vehicle shown in the Declarations of the Policy with Section I liability coverage, including "replacement vehicle[s]", "temporary substitute vehicle[s]", "additional vehicle[s]", or rental vehicle[s] with Section I liability coverage shown in the Declarations, is excepted from

application of the Ownership, Maintenance, Use Exclusion; however, this exception does not apply here. *See* **Ex. B**, at p. 13.

48. The Family Car Policy does not provide any coverage because to the extent Perez owned or otherwise furnished the Motorcycle for regular use; the Ownership, Maintenance, Use Exclusion applies; and American Family has neither a duty to defend nor indemnify its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendants in the Underlying Lawsuit, including McCarthy, under the Family Car Policy for any claims or damages arising from or related to the Accident.

***(Household Exclusion)***

49. Exclusion 11 of the Family Car Policy excludes coverage, in relevant part, for "bodily injury" to "you or any person related to you and residing in your household" ("Household Exclusion"). *See* **Ex. B**, at p. 13.

50. The Underlying Lawsuit specifically and clearly alleges Calvin Spurlock is related to Perez, as Perez is his natural mother. **Ex. A**, at ¶ 4.

51. Further, upon information and belief, Calvin Spurlock resided in Perez's home at the time of the Accident.

52. The Family Car Policy does not provide any coverage because Named Insured Perez is decedent Calvin Spurlock's natural mother, and Calvin Spurlock, on information and belief, was a household resident when the Accident occurred; therefore, the Household Exclusion applies; and American Family has neither a duty to defend nor indemnify its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy, under the Family Car Policy for any claims or damages arising from or related to the Accident as a matter of law.

***(Punitive Damages Exclusion)***

53. Regardless of other coverage that may be determined or applied, and even if the court determines that American Family otherwise has a duty to defendant and/or indemnify its Named Insured/policyholder(s) and/or the defendants in the Underlying Lawsuit, the Family Car Policy excludes coverage for punitive or other exemplary damages, and American Family does not have any duty to indemnify the policyholder(s)/Named Insured, any other named insured or other insured, and/or any other defendants in the Underlying Lawsuit for any award of punitive or other exemplary damages.

54. In relevant part, Exclusion 15 states that coverage is excluded for "punitive or exemplary damages" and attorney's fees related to the same. *See* **Ex. B**, at p. 13.

55. In the Underlying Lawsuit, Spurlock specifically requests "punitive damages." **Ex. A**, prayer for relief.

56. To the extent punitive damages are awarded, there is no coverage under the Family Car Policy, and American Family does not have any duty to indemnify its policyholder(s)/Named Insured, any other named insured or other insured, and/or any named defendant in the Underlying Lawsuit for any punitive or other exemplary damages awarded against them and in favor of Spurlock or any other plaintiff who may be named before a judgment is entered in the Underlying Lawsuit.

**COUNT II – DECLARATORY JUDGMENT (CONDO POLICY)**

57. American Family incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 26 above.

58. No coverage exists under the Condo Policy for any claims arising from or related to the Accident such that American Family owes neither a duty to defend nor a duty to indemnify

its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy, under the Condo Policy for any claims or damages arising from or related to the Accident.

59. No coverage exists under the Condo Policy for any claims arising from or related to the Accident because (1) the Motorized Land Vehicle Exclusion applies, (2) the Imputed Liability Exclusion applies, (3) the Intra-Insured Exclusion applies, and (4) even to the extent there is otherwise coverage, there is no coverage for punitive or exemplary damages.

60. Based on the following allegations, there is a present and justiciable controversy or dispute over coverage under the Condo Policy, including whether American Family has a duty to defend its Named Insured, any other named insured or other insured, and/or any other defendants from the allegations in the Underlying Lawsuit, and the controversy is ripe for a determination.

***(Motor-Or-Engine-Propelled Land Vehicle Exclusion)***

61. The Condo Policy contains Exclusion 15 pertaining to "Motor-Or-Engine-Propelled Land Vehicle" (the "Motorized Land Vehicle Exclusion"), which provides there is no coverage for any occurrence arising out of, resulting from, or in connection with a "motor-or-engine-propelled land vehicle" which the insured does not own, lease, operate, rent, or borrow. *See* **Ex. C**, at p. 25.

62. Perez is the only Named Insured under the Condo Policy, and McCarthy is not identified as or otherwise included as an "insured" under the Condo Policy. *See* **Ex. C**, Declarations.

63. Upon information and belief, Perez did not own, lease, operate, rent, or borrow the Motorcycle when the Accident occurred.

64. A motorcycle is a "motor-or-engine-propelled land vehicle".

65. The Condo Policy does not provide any coverage for the Accident because the Motorcycle operator is not an "insured", and the Motorcycle is a motor-or-engine-propelled land vehicle, such that the Motorized Land Vehicle Exclusion applies, and American Family owes neither a duty to defend nor a duty to indemnify its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy, under the Condo Policy for any claims or damages arising from or related to the Accident.

***(Imputed Liability)***

66. The Policy also contains Exclusion 12 for "imputed liability", which provides there is no coverage for "any liability imputed to any insured that is otherwise excluded" in the Condo Policy, which includes "negligent supervision of any person or animal" ("Imputed Liability Exclusion"). *See* **Ex. C**, at p. 24.

67. The Underlying Lawsuit specifically alleges that Perez was negligent in supervising her child, Calvin Spurlock, by "allowing Defendant McCarthy to operate a motorcycle with Calvin Spurlock as a passenger." **Ex. A**, Count 3, ¶ 3.

68. The Petition therefore imputes McCarthy's actions to the named insured, Perez.

69. The Condo Policy does not provide any coverage because the Underlying Lawsuit alleges Perez negligently supervised Calvin Spurlock and imputes McCarthy's liability to Perez, such that the Imputed Liability Exclusion applies; and American Family owes neither a duty to defend nor a duty to indemnify its policyholder(s)/Named Insured, any other named insured or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy under the Condo Policy for any claims or damages arising from or related to the Accident.

***(Intra-Insured Claims Or Suits Exclusion)***

70. The Condo Policy also contains an Intra-Insured Claims Or Suits Exclusion ("Intra-Insured Exclusion), which precludes coverage for "bodily injury" to a "relative." **Ex. C**, at pp. 26-27.

71. The Underlying Lawsuit specifically and clearly alleges Perez is Calvin Spurlock's natural mother such that Calvin Spurlock was a "relative" under the Condo Policy. **Ex. A**, at ¶ 4.

72. Upon information and belief, Perez had, at minimum, joint custody of Calvin Spurlock who resided in her home at the time of the Accident.

73. The Intra-Insured Exclusion applies and there is no coverage under the Condo Policy, because the Underlying lawsuit alleges Calvin Spurlock, the Named Insured's relative, who on information and belief resided in the Named Insured's household, sustained bodily injury resulting in his unfortunate death, and American Family owes neither a duty to defend nor a duty to indemnify its policyholder(s)/Named Insured, any other named or other insured, and/or any other defendant(s) in the Underlying Lawsuit, including McCarthy, under the Condo Policy for any claims or damages arising from or related to the Accident as a matter of law.

***(Punitive Damages Exclusion)***

74. Regardless of other coverage that may be determined or applied, and even if the court determines that American Family otherwise has a duty to defendant and/or indemnify its Named Insured/policyholder(s) and/or the defendants in the Underlying Lawsuit, the Condo Policy excludes coverage for punitive or other exemplary damages, and American Family does not have any duty to indemnify the policyholder(s)/Named Insured, any other named insured or other insured, and/or any other defendants un the Underlying Lawsuit for any award of punitive or other exemplary damages.

75. In relevant part, the Section II.B.6 exclusion titled "Punitive, Statutorily Imposed, or Court Ordered Damages (the "Punitive Damages Exclusion") states that personal liability coverage is excluded for "punitive, exemplary, statutorily impose, multiple or aggravated damages." **Ex. C**, at p. 27.

76. In the Underlying Lawsuit, Spurlock specifically requests "punitive damages." **Ex. A**, prayer for relief.

77. To the extent punitive damages are awarded, the Punitive Damages Exclusion applies and there is no coverage under the Condo Policy, and American Family does not have any duty to indemnify its policyholder(s)/Named Insured, any other named insured or other insured, and/or any named defendant in the Underlying Lawsuit for any punitive or other exemplary damages awarded against them and in favor of Spurlock or any other plaintiff who may be named before a judgment is entered in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff American Family Mutual Insurance Company, S.I. prays this Court to enter its declaratory judgment in its favor, and against all Defendants on Counts I and II of its Declaratory Judgment Complaint, declaring that no coverage exists under the Policies for any of the claims, allegations or damages sought against the Defendant Haley Perez, or any defendant(s) in the Underlying Lawsuit, including Defendant Mark Timothy McCarthy, American Family neither owes its policyholder(s)/Named Insured Defendant Haley Perez, any other named or other insured, and/or any of the defendant(s) named in the Underlying Lawsuit, including Defendant Mark Timothy McCarthy, a duty to defend, nor indemnify, for any damages or other relief sought from them with regard to the Underlying Lawsuit, or any allegations made against them in it, or otherwise in connection with any claims or allegations made, or damages sought

from them in the Underlying Lawsuit, for its costs, and for any further orders and relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Philip C. Graham*

Philip C. Graham, #40345MO
Adrianna J. Northrop, #76840MO
701 Market Street, Suite 600
St. Louis, MO 63101
314-231-3332
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
anorthrop@sandbergphoenix.com
*Attorney for Plaintiff American Family Mutual Insurance Company, S.I.*

**Certificate of Service**

I hereby certify that on August 27, 2026 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Philip C. Graham*